■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v IVAN MUNIZ, Appellant. [750 NYS2d 789] —Appeal by the defendant from an order of the Supreme Court, Kings County (Marrus, J.), dated September 8, 2000, which, pursuant to Correction Law article 6-C, designated him a level three sex offender.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the defendant's contention, the Supreme Court's designation of him as a level three sex offender was supported by clear and convincing evidence (*see* Correction Law § 168-n).

The defendant's remaining contentions are without merit. Ritter, J.P., Santucci, Goldstein and Mastro, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM THOMAS, Appellant. [750 NYS2d 788] —Appeal by the defendant from an order of the Supreme Court, Kings County (Firetog, J.), dated April 28, 2000, which, pursuant to Correction Law article 6-C, designated him a level two sex offender.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the defendant's contention, the Supreme Court's finding that the Board of Examiners of Sex Offenders correctly determined that he should be assessed 20 points as to item number 7 on his "Risk Assessment Instrument," because the relationship between the defendant and the victim grew out of the professional relationship he had with the victim and her sisters, is supported by clear and convincing evidence (*see* Correction Law § 168-n [3]). Furthermore, the grand jury testimony was properly considered by the Supreme Court in making its determination (*see* Correction Law § 168-n [3]). Florio, J.P., S. Miller, Townes and Cozier, JJ., concur.